# Peters v. Commonwealth.

May 21, 1948.

Carl F. Eversole for appellant.

A. E. Funk, Attorney General, Carl D. Perkins and Jo M. Ferguson, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 6, 1947, the grand jury of Madison County returned into court a joint indictment against the appellant, Roy Peters, and Douglas Moore accusing them of breaking and entering the city hall of Berea, Kentucky, "a building being then and there used for a warehouse or depository for goods, wares and merchandise with the felonious intent of stealing therefrom articles of value," part of which was a quantity of beer which had been captured from persons unlawfully engaged in the sale of alcoholic liquors. Other articles were stored in the same building. There neither is nor could be any contention that the described building so entered was not a storehouse and no such contention is made.

At the time of the arrest of appellant Moore escaped and has never been apprehended, so that appellant was the only defendant put on trial. The jury convicted him, with punishment of confinement for one year in the state penitentiary. His motion for a new trial was overruled and from the judgment pronounced thereon he prosecutes this appeal.

The only grounds complained of in the motion for a new trial are, (1) that the verdict is not sustained by the evidence, and (2) error of the court in overruling

appellant's motion for a continuance. They will be determined in the order named.

■ Arnold Brockman was a policeman in the city of Berea. He testified that on the night the offense is alleged to have been committed he, between 10 and 10:30 P. M., noticed that the iron bars across a window of the building were pulled up and he immediately went to the scene and entered the building where he discovered appellant standing in the courtroom with an armful of bottled beer. Witness asked him what he was doing and he replied that he "was getting something to drink." Witness then stated that Moore (who was 17 years of age while appellant was 22) made his escape but appellant was arrested and confined in the city jail for trial.

Witness also stated that the room used for storage purposes was intended for a jail for female violators of the law, and there was an aperture between it and the regular court room which was screened by heavy wire, the meshes of which were about one inch square. It was prized open. There was found by the policeman a piece of lumber about two inches square and 8 or 10 feet long with a large nail driven part of the way in one end of it, thus forming a hook with which the culprits dragged the beer cases to the window and lifted therefrom the beer they had taken. On discovering appellant, as described, Brockman noticed that many more bottles had been lifted from the cases than those in the possession of appellant, and he inquired of the latter what became of the other contents of the cases. He was told by appellant that they had been carried out by them and deposited somewhere around the building which was later verified.

The two defendants were present in the afternoon of that day when one Johnson was arrested for violating the Alcoholic Beverage Control Act, KRS 241.010 et seq., and a number of cases of beer was confiscated and put into the room from which the stolen beer was taken. Witness (Brockman) testified that when he found defendant standing in the courtroom with the bottled beer in his arms he made the statement that "I took that piece of timber and made a hook and pulled it (the beer case) up to the door (or window)." (Our parenthesis.)

Clinton G. Hensley, another policeman, arrived on the scene shortly after Brockman, and he corroborated the latter as to what occurred in the courtroom, and the statements made by appellant. He also testified that appellant stated that he had procured before entering the building, not only the piece of timber mentioned, but also an iron rod with which to prize open the iron bars over the outside window of the building through which they might gain entrance thereto, and that appellant admitted that he and Moore entered the building for the purpose of obtaining the beer.

The officer who carried appellant from Berea to Richmond for his examining trial on the next day following the breaking, also testified as to confession and guilty statements made by appellant. Appellant was asked on the witness stand, and answered:

"Q. Go ahead and tell the jury there, Roy, what you, and Moore were doing down at the jail and what time it was. A. It was between 8:00 and 9:00 we went down there. This boy said he knew where some beer was. I said, 'where?' He said, 'in there.' I said, 'I am not going in.' He said, he would break the way if I would follow. He pulled the nails and raised the window and told me to come on in.

"Q. What did you do when you got in there, Roy? A. I drank some beer.

"Q. How many bottles? A. Three."

It will be observed that appellant made no objection to either the breaking of the window by Moore or the latter's invitation to follow him into the building, which he did, and later drank three bottles of beer, and according to Brockman and Hensley, he stated that they had carried some sixty bottles to the outside of the building intending, of course, to later carry them away for future use. Appellant contends that Brockman, before he (appellant) was put in the city jail struck him with the butt end of his pistol, but which was denied by both officers. They did state, however, that appellant resisted being placed in the jail and that Brockman slapped him with his open hand on the side of the face which was the only punishment of any character they inflicted upon him. Other facts and circumstances were

proven which with the testimony of the two policemen clearly establishes appellant's guilt of the crime with which he was charged. In fact there was no serious denial by appellant of his guilt in giving his testimony at the trial. The only thing he sought to emphasize was that his co-defendant and fugitive from justice, Moore, committed the crime without his consent and that the only offense of which he was guilty was the taking of the beer both internally and externally after Moore had made it available, but which is so incredible as to be beyond belief. Ground No. 1 therefore is not sustained.

■ A continuance of the trial was sought by appellant because of the absence and unknown whereabouts of his co-defendant, Moore, who as we have said, made his escape without being arrested and whose whereabouts were and are now unknown. The crime was committed on April 6, 1947, and in seeking a continuance of the trial appellant in his affidavit stated that if his co-defendant were present he would testify that ''about 8 o'clock, this defendant and Douglas Moore were together at the jail in the City of Berea, Kentucky, and that one Bert or Stewart Johnson had been arrested for transporting alcoholic beverages upon the highways near Berea, Ky. on the afternoon of said day and that a quantity of beer was confiscated from Stewart Johnson and was at said time placed and stored in the City Jail at Berea, Kentucky, by the arresting officers and that at said time Stewart Johnson was incarcerated in said jail. That this affiant and Douglas Moore had been at said jail immediately before as spectators upon the arrest of Johnson. That this affiant and Moore were down at the jail about 8 o'clock on the night of April 6th and that Moore suggested that they remove the loose screen from a window and get some of the beer and that this affiant refused to remove the screen or to open the window on the jail premises and advised Moore not to do so and that the said witness and codefendant, Douglas Moore, stated and would state if present upon trial of this cause 'that he was going to remove the screen, raise the window and get some of the beer' and that said witness, Douglas Moore, would further testify that he alone and against the wishes and the advice of this affiant and defendant removed the loose and unfastened

screen, raised the window and went into the jail proper and started drinking the beer and that the said Douglas Moore called to this affiant 'to come on in and help him drink it' and that this affiant then did go inside of the open window and sat down with Douglas Moore and drank three bottles of the beer and that in a short time the police officers of Berea came to said jail and that Douglas Moore fled through the window and escaped and has not been heard of or apprehended since said date, April 6, 1947.''

The court permitted the affidavit to be read as the testimony of the absent witness, Moore, notwithstanding his testimony as incorporated in appellant's affidavit clearly shows that appellant was beyond a doubt an aider and abettor of Moore in the commission of the offense for which he was tried. The court submitted to the jury the issue of his guilt either as principal or aider and abettor of his co-defendant, Moore, by correct instructions of which no complaint is made, or could be made, and to acquit defendant unless the jury believed him guilty beyond a reasonable doubt, which were the only instructions given.

The admission of the testimony of the absent witness, Moore, as his deposition was done pursuant to the provisions of section 189 of our Criminal Code of Practice which, however, contains the proviso that ''the court may, when, from the nature of the case, it shall be of opinion that the ends of justice require it, grant a continuance, unless the attorney for the Commonwealth will admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would testify to.''

In the face of the substance of the testimony as we have outlined it the trial court could scarcely entertain the opinion that the ''ends of justice'' required a continuance unless the Commonwealth's attorney admitted the truth ''of the matter which it is alleged in the affidavit such absent witness or witnesses would testify to.'' The defendant was not only proven to have admitted his guilt, but the testimony of the absent witness failed to establish his innocence. This ground, therefore, must also be disallowed and, since there are no other errors complained of, except those contained in

the two grounds disposed of, it follows that the court did not commit error in overruling appellant's motion for a new trial.

Wherefore, the judgment is affirmed.